**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DLJ MORTGAGE CAPITAL, INC**<br>**Plaintiff**<br>           **v.**<br>**ENRIQUE MANUEL ESPINOSA NUNEZ**<br>**Defendants** | **CASE NO:**<br><br>**RE:** Collection of Monies and Foreclosure of Mortgage |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff, **DLJ MORTGAGE CAPITAL INC.,** represented by the undersigned attorney and very respectfully before this Honorable Court alleges, states and prays:

### JURISDICTION AND VENUE

1.  Federal jurisdiction to entertain in this cause of action is pleaded and arises under 28 U.S.C.A. Sec. 1332, as there exists complete diversity of citizenship between the plaintiff and defendant and the amount in controversy, exclusive of costs and interests, exceeds the minimum jurisdictional amount of $75,000.00. Venue is appropriate in this judicial district pursuant to Section 1391(b) of Title 28 of United States Code.

2.  The judicial claim in question is a cause of action for the collection of monies and foreclosure of a mortgage lien constituted over real property located in the Commonwealth of Puerto Rico given as collateral to guarantee the terms and conditions of payment of a mortgage note in the principal amount of **$211,500.00, later modified for a new principal sum of $208,144.59.** Its current unpaid balance, as hereinafter alleged in more detail, exceeds the minimum jurisdictional amount.

### THE PARTIES

3. DLJ Mortgage Capital, Inc., (Plaintiff) is a is a corporation duly organized and existing under the Laws of the State of Delaware, having its principal offices at 11th Madison Avenue, 4th Floor, New York, NY 10010-3629, authorized to do business in the Commonwealth of Puerto Rico.

4. ENRIQUE MANUEL ESPINOSA NUNEZ is a resident of the Commonwealth of Puerto Rico. The last known address of record of the Defendant is as follows: **PHYSICAL**: 14 G Jancinto St. El Alamo, Guaynabo, P.R. 00969; **POSTAL**: B 21 Calle Vera Cruz, Guaynabo, P.R. 00969. Said party will be referred hereinafter to as "the defendants".

## FACTUAL ALLEGATIONS

5. In the referred case, it is alleged that Defendants' owes Plaintiff the principal sum of **$203,043.85**, itemized as follows: the principal sum of **$197,578.80**, plus accrued interests at an annual rate of **6.5%** since **March 1st, 2016**, to the present at its applicable interest rate, a deferred principal balance of **$5,465.05** that does not accrue interests, plus a stipulated fee equivalent to 10% of the original loan amount (**$21,150.00)** for fees, costs, and attorney's fees in case of judicial recourse and a late charge fee equivalent to **5%** of all unpaid monthly payments due for more than fifteen (15) days from its due date.

6. On **October 14, 2009**, for value received, a mortgage note payable to **First Equity Mortgage Bankers, Inc.,** or to its order, was executed by **Enrique Manuel Espinosa Nunez** before Notary Public **Carmen Lourdes Vega Anadon**, with affidavit number **14,63**, hereinafter **"the note".** The note is for the principal sum of **$211,500.00,** bearing an applicable interest over the unpaid principal balance at the rate of **6.5%** "*per annum*" until the debt is paid in full, plus a stipulated fee equivalent to 10% of the original loan amount for fees, costs, and attorney's fees in

case of judicial recourse and a late charge fee equivalent to **5%** of all unpaid monthly payments due for more than fifteen (15) days from its due date.

7. The principal and interests due under the note are payable in monthly installments beginning the first of every month.

8. The note provides for the payment of late charges in the amount of **5.00%** of each and any monthly installment not received by the note holder within **15 days** after the installment is due and for the payment of **10%** of the original principal amount **$21,150.00** to cover costs, expenses, and attorney's fees in the event the holder of the Note is required to seek judicial collection.

9. On the same date of the execution of the note, a voluntary mortgage was constituted and executed by defendant pursuant deed number **410** before the aforementioned Notary Public, in San Juan, Puerto Rico, hereinafter "the Mortgage Deed". Said voluntary mortgage was constituted to secure the holder of the note for the repayment of (a) the indebtedness evidenced by the note with interests thereon; (b) the performance of the covenants and agreements of Borrower contained in the mortgage deed; (c) an amount of ten percent of the original principal amount of the note to cover, costs, expenses and attorney's fees in the event the holder is required to foreclose the mortgage or seek judicial collection or collection in any proceedings in bankruptcy of the borrower, which will considered liquid and payable by the sole act of filing the complaint and shall be in addition to the principal amount of the note; (d) an amount equivalent to ten percent of the original principal amount of the note to cover any other advances which may be made under this mortgage; and (e) an amount of ten percent of the original principal amount of the note to cover interest in addition to that secured by law.

10. On December 24, 2013 the Defendant modified the terms and conditions of the note via Modification and partial cancellation of Mortgage Deed #1585, executed before Notary Public Magda V. Alsina Figueroa. Said modification established a new principal sum of $208,144.59, final balloon payment for the amount of $5,465.05 and new maturity date for 1 of January of 2044.

11. The mortgage encumbers the real property described in the Spanish language as follows, hereinafter referred to as "**the property**".

> **URBANA:** Solar marcado con el número catorce (14) del bloque "G" en la Urbanización El Álamo, en el Barrio Frailes de Guaynabo, Puerto Rico, con una cabida superficial de trescientos setenta y cinco metros cuadrados (375.00 m.c.), en lindes por el NORTE, en quince metros (15.00 m.), con la franja verde; por el SUR, en quince metros (15.00 m.), con la calle número dos (2); por el ESTE, en veinticinco metros (25.00 m.), con el solar número "G" trece (G-13); y por el OESTE, en veinticinco metros (25.00 m.), con el solar número "G" quince (G-15). Enclava una casa.

12. The property is recorded at Page 85 of Volume 240 of Guayanbo, Property Registry of Puerto Rico, and lot number 14,822, First Section of Guaynabo.

13. The deed of mortgage and deed of modification are recorded at Page 203 of Volume 1244 of Guaynabo, Property Registry of Puerto Rico, and lot number 14,822.

14. Defendants is the owner in fee of the above mentioned property, which was acquired in virtue of Deed number 61, executed in San Juan P.R. on October 14, 2009, before Notary Public Wilma Malave Haddock, 12th inscription.

15. DLJ Mortgage Capital, Inc., is the holder in due course of the note and has the right to require the fulfillment of the obligations that arise from said note, having acquired it for value received in the ordinary course of business. Therefore, Plaintiff has the right to enforce the terms and conditions of the Note and request the fulfillment of said terms and conditions. "**Exhibit 1**".

16. It was expressly stipulated in the note and in the Deed of Mortgage that default in the payment of the monthly installments and/or noncompliance with the terms, conditions,

covenants and/or agreements included in the note and/or the mortgage deed would authorize the holder of the note to declare due and payable the total amount of the indebtedness evidenced by the note, and proceed with the execution and/or foreclosure of the mortgage.

17. The defendants have failed to comply with the terms and conditions of the note and the Deed of Mortgage that guarantees said note and breached his duty to pay the monthly installments due since **April 1st, 2016**, and thereafter until the present day.

18. Plaintiff has tried to collect the indebtedness evidenced by the mortgage note without avail thus the entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause of the note and the mortgage deed.

19. After declaring all the indebtedness of the defendants due and payable, the defendants owes Plaintiff the principal sum of **$203,043.85, itemized as follows: the principal sum of $197,578.80, plus accrued interests at an annual rate of 6.5% since March 1st, 2016, to the present at its applicable interest rate, a deferred principal balance of $5,465.05 that does not accrue interests**. Such interests continue to accrue at its applicable interest rate until the debt is paid in full. The defendants also owes Plaintiff late charges in the amount of **5.0%** of each and any monthly installment not received by the note holder within 15 days after the installment was due. Such late charges continue to accrue until the debt is paid in full. The defendant also owes Plaintiff all advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as **10%** of the original principal amount to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation.

20. Plaintiff will present at The Registry of Property a notice of "*lis pendens*" over the property that is subject of the instant action.

## PRAYER FOR RELIEF

**WHEREFORE,** in the view of the above plaintiff hereby respectfully requests that the remedy herein sought be granted and demands the entry of judgment as follows:

a. That the defendants' pay Plaintiff the amounts claimed in the complaint;

b. Or in default thereof that an Order and Writ of Execution be issued so as to allow for all legal rights, title and interests which the defendant may have in the above described property and any building or improvement thereon be sold at a public auction and the monies due to Plaintiff as alleged in the preceding paragraphs be paid out of the proceeds of the judicial sale;

c. That the defendants' be absolutely barred and foreclosed from all rights and equity redemption in and to said property;

d. That if the proceeds of the judicial sale are insufficient to cover the amounts specified in the complaint and of this prayer, the defendant be adjudged to pay Plaintiff the total amount of money remaining unsatisfied and execution be issued forthwith against the defendant for the payment of the deficiencies against any of the properties of said defendant.

e. That if the proceeds of the judicial sale exceed the sum of money to be paid to Plaintiff as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court.

f. That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of Property ordering the cancelation of any junior liens recorded therein;

g. Order such further relief as in accordance with law and equity that may be just and proper.

**Respectfully submitted,** in San Juan, Puerto Rico this 18th day of October 2019.

/S/**ROBERTO C. LATIMER VALENTIN**
**USDC: 302,408**
**LBRG LAW FIRM**
P.O. BOX 9022512
SAN JUAN, PUERTO RICO 00902-2512
TEL. 787-724-0230 / FAX 787-724-9171
Email: latimerrc@lbrglaw.com